IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BERNADETTE JOSEPH, | CA |
| Plaintiff, | |
| v. | |
| ACCESS DATA CORP.; VOYAGER JET CENTER, LLC; and KARL FOERSTER, | |
| Defendants. | |

**COMPLAINT**

1. Bernadette Joseph is an adult female, who presently resides in Allegheny County Pennsylvania. She files this action to seek redress for discriminatory employment practices, wrongful discharge, sex discrimination and sexual harassment, to which she was subjected during her employment by Defendants. She was so employed by Defendants ACCESS DATA CORP. and/or VOYAGER JET CENTER, LLC (hereinafter "ACCESS" and "VOYAGER") from May 2005 to May 2006.

2. Defendant ACCESS is a corporation or other business entity doing business within Pennsylvania with principal offices in Pittsburgh, Pennsylvania. It is believed that Defendant ACCESS owns and operates a private aviation facility under the trade name "Voyager Jet Center", and/or owns and operates Voyager Jet Center, LLC.

3. In the alternative, VOYAGER is a corporation or other business entity doing business within Pennsylvania with a principal place of business in West Mifflin, Pennsylvania, operating a private aviation facility.

4. Defendant Karl Foerster (hereinafter "Foerster") is an adult individual. At all times relevant hereto, Foerster was the agent and/or employee of Voyager and/or Access and was acting in the course, scope and authority of said agency and/or employment.

5. At all times relevant hereto, the Defendants ACCESS and VOYAGER employed Foerster, the individual Defendant, in an executive capacity and granted him authority and control over the Plaintiff, who was employed as a flight attendant by ACCESS and/or VOYAGER. Acts constituting violations of Plaintiff's state and federal rights occurred during her employment by ACCESS and/or VOYAGER.

6. Plaintiff believes that Defendants ACCESS and/or VOYAGER were the employers of at least 500 employees at all times material hereto and were the employer of Plaintiff at the time of the violations of her civil rights under Federal and Pennsylvania law to be free from unlawful sex discrimination and sexual harassment in employment. Defendants are "employers" within the meaning of Title VII of the Civil Rights Act, and the Pennsylvania Human Relations Act.

7. Defendants ACCESS and/or VOYAGER are liable to Plaintiff for any and all violations of her civil rights during her employment by Defendants, and for her wrongful discharge in violation of state and Federal law.

8. This court has subject matter jurisdiction over the Federal civil rights claims as Federal questions, arising under Title VII of the Civil Rights Acts of 1964 and

1991 and the Constitutions of Pennsylvania and the United States, and over state statutory and common law claims arising under the Pennsylvania Human Relations Act and Pennsylvania state law.

## COUNT I
## BERNADETTE JOSEPH V.
## ACCESS DATA CORP. and VOYAGER JET CENTER

9. Plaintiff incorporates by reference and makes a part hereof all of the other paragraphs of this Complaint.

10. During the course of Plaintiff's employment by Defendants, ACCESS and/or VOYAGER, Forester, their Vice-President of Operations, inflicted upon the Plaintiff a course of conduct constituting sex discrimination, sexual harassment, and retaliation for complaining about sexual harassment and discrimination and lodging a complaint about it. In addition, during her employment, the Plaintiff was subjected to sexual assault and battery by Foerster, who touched and kissed her without her consent or permission, which acts constitute both sexual harassment and also the common law torts of assault and battery

11. At all times material hereto Plaintiff in her capacity as flight attendant reported to, among other management of ACCESS and/or VOYAGER, the defendant Foerster in his capacity as Vice President of Operations.

12. The Defendant Foerster had the express and apparent authority to supervise and review all aspects of Plaintiff's work assignments, to issue reprimands to her, to place reports of disciplinary action in her personnel files, to terminate her employment and to grant or withhold various fringe benefits, commissions and other perquisites of employment.

13. Defendants, during the course of Plaintiff's employment, created a hostile work environment which was offensive and intimidating to the Plaintiff and would have been offensive to any reasonable woman.

14. Management personnel of ACCESS and/or VOYAGER, including Foerster, knowingly participated in, tolerated and ratified sex discrimination, retaliation and sexual harassment towards Plaintiff, personally participated in it, and refused and neglected to take prompt and effective remedial action to remedy and prevent sexual harassment and discrimination or to correct the hostile work environment.

15. Foerster, during the course of Plaintiff's employment, made sexual invitations to Plaintiff, which she rejected.

16. After Plaintiff rejected Foerster's advances, she was denied a raise, a corporate charge card, and a commission she was owed for work done in connection with the sale of an aircraft.

17. Finally, in May of 2006, Plaintiff was required by VOYAGER to serve as flight attendant on a chartered five day trip along with Foerster and other employees of Defendants.

18. During the course of that trip, Foerster requested admittance to Plaintiff's hotel room, which request Plaintiff rejected.

19. Also during that same trip, Foerster touched Plaintiff inappropriately when he encountered her in the galley of the aircraft.

20. Upon her return to her usual place of employment, Plaintiff advised Richard Ryan, Foerster's immediate supervisor and Defendants' President of Operations, that she wished to register a complaint, in accordance with Defendants'

policy, about Foerster's conduct and other matters related to the harassment to which she had been subjected.

21. Ryan told Plaintiff that he did not believe her, and berated her for making allegations against Foerster that could be detrimental to Foerster's career.

22. Given Ryan's refusal to address Plaintiff's complaints, she had no choice but to resign from her employment, since there was no one in higher authority to whom she could address her legitimate complaints and Foerster's conduct made her working conditions intolerable.

23. Plaintiff was therefore constructively discharged on May 10, 2006.

24. Under Defendants' own policy as set forth in their written handbooks, policies and procedures, sexual harassment and misuse of VOYAGER property and resources were all expressly forbidden, yet when Plaintiff attempted to report and address these infractions, she was constructively discharged in violation of her state, Federal and constitutional rights.

25. The further particulars of the discriminatory conduct of Defendants include (but are not limited to) the following acts:

    (a) sexist and offensive comments made by Foerster, and others;

    (b) comments by Foerster about his sexual desires and wishes to commit certain sexual acts on Plaintiff;

    (c) offensive physical assaults and batteries by Foerster on Plaintiff;

    (d) transmission of a photograph of a male penis to Plaintiff via a company cell phone;

    (e)    offensive physical assaults by Foerster by groping and kissing Plaintiff and attempting to enter her hotel room while both were on Defendants' business;

    (f)    repeated and unwanted invitations from Foerster to Plaintiff to go out with him socially and requests from him to visit her home;

    (g)    subjecting women to less favorable terms and conditions of employment such as opportunity for pay and fringe benefits;

    (i)    Defendants' failure to adequately train their employees in prevention and investigation of sexual harassment and discrimination;

    (j)    Defendants' failure to take prompt and effective remedial action to stop the discrimination and harassment and prevent its recurrence; and

    (k)    Defendants' failure to adopt, or if adopted, to enforce policies and procedures to prevent discrimination and harassment and/or ensure proper reporting of the same.

26. The above-described workplace conduct of Foerster and others had the purpose and effect of being discriminatory, offensive, intimidating and unwelcome to the Plaintiff and constitutes a hostile and abusive work environment for females, and was discriminatory, and interfered with her ability to do her job, and adversely and severely impacted the terms and conditions of her employment.

27. At all times material hereto, Plaintiff did not welcome the above-described conduct and found it objectionable and offensive.

28. At all times material hereto the Plaintiff made it known to the Defendants that the conduct, harassment and assaults and batteries were offensive and unwelcome to Plaintiff. Despite Plaintiff's complaints, offensive sexual conduct directed at her continued. Foerster and other management knew or should have known of the

discriminatory, offensive and hostile work environment to which Plaintiff was being subjected. Despite such actual and constructive knowledge, Defendants ACCESS and/or VOYAGER failed to take prompt and effective remedial action against sexual harassment and willfully and knowingly continued to subject Plaintiff to the same.

29. The discriminatory environment at the workplace, consisting of the conduct described hereinabove and management's failure to take action about it, was open and obvious and was known to certain supervisors, including Foerster, who perpetrated the same. Nevertheless, the supervisors and managers permitted and allowed such harassing conduct to continue. Management took no prompt or effective remedial action to halt such discriminatory conduct, discipline the offenders or correct the hostile work environment.

30. The Plaintiff personally advised Defendants' President of Operations of the sexual harassment which had been committed upon her by Foerster during her employment. At all times material hereto, Defendants claimed to have a sexual harassment policy; however, the President refused to accept or take action on Plaintiff's complaints, instead berating her for attempting to register them. Furthermore, the Defendants failed and refused to train their supervisors including Foerster, or its employees, including the Plaintiff, concerning this policy, failed to promulgate and distribute the policy, failed to properly train persons to refrain from sexual harassment under the policy, failed to properly investigate complaints made under the policy and failed to meet its obligations under the EEOC guidelines to take prompt and effective corrective action to stop sexual discrimination and harassment about which the Defendants and their supervisors were actually or constructively on notice. This

conduct by Defendants was willful and/or done with reckless indifference to Plaintiff's rights.

31. Plaintiff commenced this suit after exhausting administrative remedies by timely filing claims with the EEOC and the Pennsylvania Human Relations Commission. Plaintiff exhausted her administrative remedies, and duly secured a notice of right to sue from the EEOC. Plaintiff has timely filed this suit.

32. As a result of the conduct of Defendants, Plaintiff has suffered the following:

    (a) emotional distress and mental anguish;

    (b) embarrassment and humiliation;

    (c) loss of the usual pleasures of life;

    (d) loss of income, earning capacity and benefits;

WHEREFORE, Plaintiff claims compensatory and punitive damages in excess of $75,000.00 and demands a trial by jury.

## COUNT II
## BERNADETTE JOSEPH V.
## ACCESS DATA CORP. and VOYAGER JET CENTER

33. Defendants employ more than 4 persons within Pennsylvania and are thus an "employer" under the jurisdiction of the Pennsylvania Human Relations Act.

34. Plaintiff herein re-alleges and repeats all of the other paragraphs of this Complaint as though each were fully set forth herein.

35. The actions of Defendants as previously set forth hereinabove, constitute sexual harassment, retaliation and sex discrimination unlawful under the Pennsylvania Human Relations Act. These acts were done in violation of 43 P.S. §955 et seq.,

entitling Plaintiff to compensatory damages. As a result of Defendants' conduct, Plaintiff suffered the injuries and damages set forth above.

36. Plaintiff duly exhausted administrative remedies by the dual filing of timely complaints in writing with the EEOC, and with the Pennsylvania Human Relations Commission, setting forth the discriminatory acts of the Defendants, which complaint was investigated by the EEOC.

WHEREFORE, Plaintiff seeks such damages allowable under the Pennsylvania Human Relations Act from the Defendants including compensatory damages in excess of $75,000.00.

## COUNT III
## BERNADETTE JOSEPH V. KARL FOERSTER

37. Plaintiff incorporates herein by reference and makes a part hereof all of the other paragraphs of this Complaint.

38. Over the course of Plaintiff's employment, at her worksite, the individual Defendant Foerster subjected her to uninvited and offensive assaults and batteries while in the performance of his official duties, including touching Plaintiff on her buttocks, kissing and fondling Plaintiff and indicating his intentions and wish to commit sexual assaults upon Plaintiff. Foerster furthermore engaged in requests and demands that he visit Plaintiff's home and hotel room which were assaults upon Plaintiff and were offensive, intimidating and threatening to Plaintiff.

39. The verbal comments and requests constituted assaults, and the physical contacts constituted batteries, all of which were committed by Defendant Foerster upon his female subordinate, the Plaintiff.

40. As a result of Foerster's conduct, Plaintiff suffered the injuries and damages set forth above.

WHEREFORE, Plaintiff demands compensatory and punitive damages in an amount in excess of $75,000.00 and demands a trial by jury.

Respectfully submitted,

/s/ Susan E. Mahood
Susan E. Mahood, Esquire
Pa. I.D. #50024
1600 Law & Finance Building
429 Fourth Avenue
Pittsburgh, PA 15219
(412) 281-1444