IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BERNADETTE JOSEPH,)
)
Plaintiff,)
) Civil Action No. 07-0260
v.)
)
VOYAGER JET CENTER, LLC and,)
KARL FOERSTER,)
)
Defendants.)

MEMORANDUM AND ORDER

Gary L. Lancaster,
District Judge.
February 27, 2009

This is an action in employment discrimination. Plaintiff, Bernadette Joseph, alleged that her former employer, Voyager Jet Center, LLC (Voyager) engaged in quid pro quo sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq. Specifically, plaintiff alleged that her supervisor at Voyager subjected her to quid pro quo sexual harassment which culminated in her constructive discharge.

Trial started on February 18, 2009 and ended on February 24, 2009, with a verdict in favor of Voyager. At trial, however, Voyager objected to the jury instructions because they did not include the affirmative defense to liability as set forth in Faragher v. City of Boca Raton, 524 U.S. 775 (1998) and Burlington Indus. v. Ellerth, 524 U.S. 742 (1998). The court overruled Voyager's objection and gave the jury the instructions as

written.

Although due to the jury verdict an instruction on the Faragher/Ellerth affirmative defense would have been inconsequential, we will state our reasons for not instructing the jury on the Faragher/Ellerth affirmative defense.

The Faragher/Ellerth affirmative defense may be raised in sexual harassment cases where no tangible employment action was taken. Faragher, 524 U.S. at 807; Ellerth, 524 U.S. at 765. In these cases, the employer may raise the affirmative defense "(a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." Ellerth, 524 U.S. at 765.

Here, plaintiff argued that a tangible employment action was taken in the form of a constructive discharge and, therefore, the affirmative defense was not available. Voyager objected, stating that the Supreme Court in Pa. State Police v. Suders, 542 U.S. 129, 140-41 (2004), held that if the acts that led to the constructive discharge were wholly unofficial, then a defendant can assert the Faragher/Ellerth affirmative defense to liability. Voyager argued that, under the law set forth by Suders, it was entitled to the Faragher/Ellerth affirmative defense because there was a question of fact for the jury regarding whether plaintiff's

2

supervisor's acts were "official" under Suders.

We disagreed with Voyager and rejected its request for the Faragher/Ellerth affirmative defense for the following reasons.

First, the Suders court analysis does not pertain to all constructive discharge claims, rather, its holding was limited to those claims where a constructive discharge resulted from a hostile work environment. See Suders, 524 U.S. at 143 (stating that "[t]his case concerns an employer's liability for one subset of Title VII constructive discharge claims: constructive discharge resulting from sexual harassment, or "hostile work environment," attributable to a supervisor"). The Supreme Court explained that compound hostile work environment-constructive discharge claims do not necessarily involve official actions. Id. at 147-48. Rather, the "resignation may be effected through co-worker conduct, unofficial supervisory conduct, or official company acts." Id. at 148. If the resignation is effected through co-worker conduct or unofficial supervisory conduct, such as "repeated sexual comments," then the Faragher/Ellerth affirmative defense must be applied because the misconduct was not aided by the agency relationship. Id. at 148-50.

In contrast, the alleged constructive discharge in this case resulted from a quid pro quo claim - not from a hostile work environment claim. By definition, a quid pro quo sexual harassment claim necessarily involves an official action. Ellerth, 524 U.S.

at 753-54. That is, a quid pro quo sexual harassment claim occurs where "an employer demanded sexual favors from an employee in return for a job benefit." Id. at 752.

Here, the jury was instructed that, in order to find quid pro quo harassment, they needed to find by a preponderance of the evidence that "Ms. Joseph's submission to Mr. Foerster's sexual advances was an express or implied condition for receiving job benefits as alleged by Ms. Joseph." Accordingly, unlike in a hostile work environment-constructive discharge action, in a quid pro quo claim there is no risk that an act of a co-worker or an unofficial act of a supervisor induced the constructive discharge. Voyager, therefore, was not entitled to present the Faragher/Ellerth affirmative defense.

Hence, for the foregoing reasons, the Faragher/Ellerth affirmative defense was not given to the jury and Voyager's request for this defense was DENIED.

BY THE COURT:

_____, J.

cc: All Counsel of Record